UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BOBBY BARBER,

    Plaintiff,

v.                                      Case No. 5:19-cv-476-TKW/MJF

FLOWERS, et al,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's complaint. (Doc. 1). For the reasons set forth below, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Middle District of Florida based on venue considerations.[1]

**I.    Background**

Plaintiff, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDC") confined at Graceville Correctional and Rehabilitation Facility. Plaintiff commenced this action under 42 U.S.C. § 1983 by filing a complaint and named three Defendants: (1) Director Flowers, director of the Volusia

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

County Jail; (2) Warden Prince, warden of the Volusia County Jail; and (3) Sheriff Mike Chitwood, sheriff of Volusia County, Florida. Volusia County is located in the Middle District of Florida.

Plaintiff alleges that while he was incarcerated in the Volusia County Jail, he was housed in areas that were "infested" with black mold. (Doc. 1 at 4). Plaintiff asserts that "[a]fter several days of living in these conditions and coming into contact with the black mold in the shower the plaintiff's asthma starting [sic] getting worse and the plaintiff also developed a skin reaction that is still lingering." (*Id.*). Plaintiff contends that after making numerous complaints, Defendants "never solved the problem." (*Id.*). Plaintiff seeks $1 million for the pain and suffering he allegedly endured.

## II.   Discussion

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought

>as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. In this case, Plaintiff asserts that the events giving rise to this case occurred in Volusia County, Florida. Volusia County is in the Middle District of Florida. Thus, the likely sources of proof of Defendants' alleged actions are located there. The Defendants

also presumably live in the Middle District of Florida. As the proper venue for this action is the Middle District of Florida, it is in the interest of justice to transfer this case to that forum.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2. The clerk of the court close this file.

At Panama City, Florida this 24th day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.